UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

CHARLES C. COLEMAN   Case No. 18-31058-KLP
(Chapter 13)

　　　Debtor,

HOME POINT FINANCIAL
CORPORATION,   Ref. Dkt. #23

　　　Movant,

vs.

CHARLES C. COLEMAN, and
SUZANNE E. WADE, Trustee.

　　　Respondents,

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was settled prior to the scheduled July 24, 2019 hearing on the motion for relief from the automatic stay filed by Home Point Financial Corporation ("Movant") with respect to the real property located at 2505 Corryville Court, North Chesterfield, VA 23236 and more particularly described as follows:

> All that certain lot, piece or parcel of land lying and being in Clover Hill Magisterial District, Chesterfield County, Virginia being known numbered and designated as Lot 10, Brandon, Section "F", plat of which made by J.K. Timmons & Associates P.C., Engineers & Surveyors, Richmond, Virginia, dated July 19, 1990, was recorded in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia, in Plat Book 72, pages 13 and 14, to which plat reference is made for a more particular description; being the same property conveyed to grantor by deed recorded simultaneously herewith.

Kathryn E. Smits, Bar #77337
Orlans PC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $1,173.76, directly to Home Point Financial Corporation, PO Box 790309, St. Louis, MO 63179, as they become due commencing on August 1, 2019, subject to adjustment as due under the Note.

2. The debtor will cure the post-petition arrearage currently due to the movant for May, 2018 through July, 2019 in the total amount of $17,943.96, through the filing and confirmation of a Modified Chapter 13 Plan. The Modified Plan was filed on July 23, 2019 and nothing in this Order shall prevent the Trustee or other creditors from filing objections, if they deem it appropriate to do so. Movant will amend their Proof of Claim to include the post-petition arrearage. The post-petition arrearage includes four (4) post-petition payments in the amount of $1,167.20 each for the months of May, 2018 through August, 2018, eleven (11) post-petition payments in the amount of $1,173.76 each for the months September, 2018 through July, 2019, plus attorneys' fees and costs in the amount of $1,031.00 for the filing of the Motion for Relief from Stay, less debtor's suspense in the amount of $667.20.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

      a.      That the debtor is in default in making at least one payment required under this order;

      b.      The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

      c.      The action necessary to cure the default, including any address to which payments must be mailed;

      d.      That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

          i.      cure the default;

          ii.     file an objection with the court stating that no default exists; or

          iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

      e.      That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

      f.      That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

    4.      The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year

after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.  Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.  The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.  Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

_____, Virginia
_____, 20\_\_\_\_\_

Aug 13 2019

/s/ Keith L. Phillips
Keith L. Phillips
U.S. Bankruptcy Court Judge

WE ASK FOR THIS:

Entered on Docket: Aug 14 2019

/s/ Kathryn E. Smits
Kathryn E. Smits, Bar #77337
ksmits@orlans.com
Orlans PC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

   /s/ Matthew Samuel Throop
Matthew Samuel Throop, Esquire
Throop Law, P.C.
530 East Main Street, Ste. 1020
Richmond, VA 23219
Attorney for the Debtor
Re: Case No. 18-31058-KLP


SEEN W/ RESERVATION OF RIGHT
TO OBJECT TO MODIFIED PLAN:


   /s/ Suzanne E. Wade
Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780
Re: Case No. 18-31058-KLP


## CERTIFICATION

     The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

                                                  /s/ Kathryn E. Smits
                                                Kathryn E. Smits, Esquire


The Clerk shall mail a copy of the entered Order to the following:

Kathryn E. Smits, Esquire
Orlans PC
Attorney for the Movant
PO Box 2548
Leesburg, Virginia 20177

Charles C. Coleman
2505 Corryville Court
Richmond, VA 23236
Debtor

Matthew Samuel Throop, Esquire
Throop Law, P.C.
530 East Main Street, Ste. 1020
Richmond, VA 23219
Attorney for the Debtor

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780